SAVOY, Judge.
This tort suit was brought by James Ware, individually and as natural tutor of the minor, James Robert Kelly, to recover damages for injuries sustained by the minor in a collision with a parked automobile while the minor was operating his motorcycle in the Town of Ridgecrest, Louisiana.
Plaintiff alleged that the accident occurred because of the defendant’s negligent parking of his automobile in violation of the traffic regulations of Ridgecrest and the State of Louisiana. Defendant, Gerald Williams, answered denying any negligence on his part and contending that the minor was guilty of negligence in the operation and control of his motorcycle.
From a judgment in the trial court in favor of the minor and his tutor, defendant has prosecuted this appeal contending that the trial court erred in finding him guilty of negligence proximately causing the accident, and, alternatively, in holding that James Kelly was not guilty of contributory negligence.
*698 The record reflects that on November 26, 1965, at approximately 7:00 P.M. James Kelly (then 14 years of age) was driving his Honda motorcycle in a southwesterly direction in the 400 block of Ferriday Drive when he suddenly collided with a white 1963 Chevrolet automobile owned by the defendant and parked in a northerly direction in front of defendant’s parents’ home on the west side of the street. The automobile was parked on the wrong side of the street, completely on the blacktop portion about one and one-half to two feet from the edge of the street. There was very little shoulder at the point of impact, the road gradually sloping to a ditch. A short distance from the point of collision and on. the same side of the street, a street light was burning. Apparently just prior to the collision, Kelly and two of his acquaintances had passed the parked automobile going in a northeasterly direction some three or four blocks before retracing their paths. At the place where the accident occurred the speed limit was 25 miles per hour.
Only two witnesses were presented by the plaintiff in the presentation of his case in chief. Mr. William Brock, Marshall of Ridgecrest, testified that he investigated the accident after it occurred, but that he did not actually see the accident. While on patrol he noticed a red light flashing, and upon his arrival at the scene, he saw where the automobile had been located an4 where the motorcycle struck the right front bumper of the car. He said that the vehicle was parked some, forty to fifty feet from the street light.
James Robert Kelly testified on his own behalf and said that he had driven past the place of the parked automobile some three or four blocks before turning around to go home the same way he had just come when, after being blinded by oncoming headlights, he hit the parked car. After his testimony plaintiff called no other witnesses, but held Kelly for rebuttal.
Gerald Williams testified in substance that he parked his vehicle in front of the home of his parents on the west side of the street almost up to the mailbox located near the driveway. He did not know of the accident until a lady asked to use the telephone to call an ambulance. He estimated his vehicle was parked some forty-two feet from the street light.
David Kennedy was called to testify on behalf of the defendant, and he stated that Rickie Raven was driving a motorcycle alongside the Kelly motorcycle and that he was a passenger on the motorcycle behind Rickie. When asked to tell the court how the accident occurred, he stated:
“A. Well, we went down the street and then went back up and turned around and was coming back. We was going kinda fast and uh, there was a car coming one-way and Jimmy — me and Rickie was ahead of Jimmy and, uh, Jimmy was laying down on his motorcycle and I don’t know if he was looking or either that car blinded him one and the next thing I knew he run into the car and then me and Rickie turned around. That’s all.
“Q. All right. Now, you -say you all — was the motorcycle that you were on was it ahead or behind Jimmy?
“A. It was ahead of him.
“Q. You said that ya’ll had turned around. Had ya’ll come by where this car was parked before the wreck happened?
“A. Yes sir.
“Q. —and about how far down did you go before you turned around and came back?
“A. About three blocks.
“Q. Now, you said you were going kinda fast. About how fast were you going?
“A. Well, me and Rickie was going about forty-five and Jimmy was going about forty.
*699 “Q. You said something that he was behind you and you was looking back and what did you see about what he was doing.
“A. Well, he was laying down on his motorcycle. I don’t believe he was looking where he was going or something. He hit the car.”
Kennedy said that he thought Jimmy might have been pushing a button on the carburetor to make the motorcycle go faster. He added that the area was well lighted.
Joseph Ware, an adjuster for State Farm Mutual Automobile Insurance Company, investigated the accident, and testified that he took some photographs and estimated the distance from the mailbox to the street light at some twenty-five feet.
Rickie Raven was called by plaintiff, (presumably as a rebuttal witness since he was not called upon presentation of the case in chief) and testified that Kelly’s motorcycle was about one-half length ahead of his motorcycle; that the oncoming car was almost even with the parked vehicle just prior to the collision; and that the only place Kelly could have gone was into the ditch. Not only was this witness of a tender age at the time of the accident (ten years of age) but he, in effect, contradicted himself by saying that Kelly had not ridden past the parked automobile prior to the collision when the written statement given to the adjuster which .he and his father signed stated that just earlier Kelly had almost run into the parked car.
We are of the opinion that the minor, James Robert Kelly, was contributorily negligent in this case in that he operated his motorcycle in a negligent manner. Having determined that James Robert Kelly was negligent in this case, we pre-termit the negligence of the owner of the car, Gerald L. Williams.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant, Gerald L. Williams, and against plaintiff, James D. Ware, individually and as natural tutor of James Robert Kelly, dismissing his suit at his costs in the district court and on appeal.
Reversed.